## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |
|---|---|
| ANDRE DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02196-SHM-tmp |
| ) | |
| ANGELA OWENS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner, Andre Davis, Bureau of Prisons ("BOP") register number 05940-033, an inmate at the Federal Correctional Institution in Memphis, Tennessee. (ECF No. 1.) For the reasons expressed below the Court **DENIES** the § 2241 Petition.

**I.    PROCEDURAL HISTORY**

    **A.    Davis' Federal Criminal Case and Collateral Challenges**

        **1.  Criminal Case No. 5:96-cr-0020-TBR-01 (W.D. Ky)**

On September 4, 1996, Davis was named in Counts 1, 2, 3, and 4 of a seven-count indictment filed in the Western District of Kentucky. (ECF No. 12 at 9.) Davis was charged with one count of aiding and abetting in the knowing and intentional possession of approximately 2.83 grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1);

one count of aiding and abetting in the knowing and intentional possession of approximately 7.56 grams of crack cocaine with intent to distribute and distribution, in violation of 21 U.S.C. § 841(a)(1) (Count 2), one count of aiding and abetting in the knowing and intentional possession of approximately 7.95 grams of crack cocaine with intent to distribute and distribution, in violation of 21 U.S.C. § 841(a)(1) (Count 3), and one count of aiding and abetting in the knowing and intentional conspiracy to possess approximately 140 grams of crack cocaine with the intent to distribute and distribution, in violation of 21 U.S.C. § 846 (Count 4). (ECF No. 12 at 34). The United States filed an information and notice of intent to seek an enhanced sentence pursuant to 18 U.S.C. § 851 because Davis had two or more prior felony drug convictions. (ECF No. 12 at 9, ¶ 6.) *See* 21 U.S.C. § 841(b)(1)(A). After having been convicted on all counts at trial, Davis was sentenced to a term of 360 months in prison on Count 1 and a term of life in prison on Counts 2, 3, and 4[1], to run concurrently. (*Id.* at 35.) The convictions and sentences were affirmed on appeal. *United States v. Davis*, 18 Fed. App'x 368 (6th Cir. 2001).

Davis filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") in the United States District Court for the Western District of Kentucky. (Criminal Case No. 5:96-cr-0020-TBR-01, ECF No. 243.) The district court denied relief. (*Id.* at ECF No. 253.)

Davis filed a motion pursuant to 18 U.S.C. § 3582 for retroactive application of the Fair Sentencing Act's Crack Cocaine Guideline Amendment. (*Id.* at ECF No. 295.) The district court denied relief because of the statutorily required term of life imprisonment on Count 4. (*Id.* at ECF No. 317.)

---

[1]Because of Davis' two prior felony drug convictions, he was subject to a statutorily required term of life imprisonment.

### B. Davis' § 2241 Petition

On March 21, 2018, Davis filed this *pro se* § 2241 Petition. (ECF No. 1.) He contends that under *Mathis v. United States*, 136 S. Ct. 2243, his prior Kentucky drug trafficking crimes no longer fit United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2's definition of "controlled substance offense[s]" and may not be used to enhance his sentence under 21 U.S.C. § 851. (*Id.* at PageID 4-5, 7.) The Court and the Respondent infer that Davis contends that the savings clause in 28 U.S.C. § 2255(e) and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), open a portal to relief under 28 U.S.C. § 2241. (ECF No. 11 at 5.) Respondent concedes that Davis is arguably entitled to use § 2241 to challenge his recidivist enhancement but contends the enhancement remains valid. (*Id.*)

## II.   ANALYSIS OF PETITIONER'S CLAIM

### A.   The Standard for § 2241 Petitions

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution

or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."). In this case, Davis is attacking the imposition of his sentence and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Davis has the burden of demonstrating that the savings clause applies. *Charles*, 180 F.3d at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Peterman*, 249 F.3d at 461. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence," not just legal insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Until recently, "[c]laims alleging 'actual innocence' of a sentencing

enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

In *Hill*, 836 F.3d at 595, the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." The third requirement is satisfied where

> (1) prisoners . . . are sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) . . . are foreclosed from filing a successive petition under § 2255, and (3) . . . a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600 (parallel citations omitted). The necessary implication of Hill is that *Mathis*-based statutory claims can be brought pursuant to § 2241 "when a sentence exceeds the maximum prescribed by statute." *Id.* at 596.

**B.** *Analysis*

Davis is not entitled to relief on his § 2241 Petition. He contends that, using the categorical approach, the Kentucky drug trafficking statutes are broader than the definition of "controlled substance offense" found in U.S.S.G. § 4B1.2(b). The Kentucky district court did not use § 4B1.2(b) to impose Davis' sentence. (Criminal Case No. 5:96-cr-0020-TBR-01, ECF No. 309, PSR at 161-89; ECF No. 12 at 5-33.) Davis' sentence was enhanced under 21 U.S.C. § 841(b)(1)(A). The relevant definition of "felony drug offense" is contained in 21 U.S.C. § 802(44). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a state or a foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant

5

substances." Davis previous convictions for cocaine trafficking are felony drug convictions under 21 U.S.C. § 802(44). (Criminal Case No. 5:96-cr-0020-TBR-01, ECF No. 309, PSR at 176-77; ECF No. 12 at 20-21.)

The § 2241 Petition is **DENIED** and **DISMISSED** with prejudice. Judgment shall be entered for Respondent.

### III.    APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a),

that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[2]

    IT IS SO ORDERED this 22nd day of October, 2020.

                                   /s/ *Samuel H. Mays, Jr.*
                                   SAMUEL H. MAYS, JR.
                                   UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.